defendant's testator and one Munger, is a specification of the nature and character of the services to be performed in order to identify them. The question of the employment was specially submitted to the jury, who found for the plaintiffs. The value of the services is not disputed in the appellant's brief, and the evidence is ample to sustain the verdict that the defendant's testator directly employed the plaintiffs to perform these services. Present — Blackmar, P. J., Mills, Rich, Jaycox and Manning, JJ.

EMILY L. HENDRICKSON, Respondent, v. NEW YORK, WESTCHESTER AND BOSTON RAILWAY COMPANY, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Blackmar, P. J., Mills, Putnam, Kelly and Jaycox, JJ.

HARRY HITCHING, Appellant, v. GEORGE N. ROBINSON, Respondent. (Appeal No. 1.) — Order affirmed, with ten dollars costs and disbursements. No opinion. Blackmar, P. J., Mills, Rich, Putnam and Jaycox, JJ., concur.

HARRY HITCHING, Respondent, Appellant, v. GEORGE N. ROBINSON, Appellant, Respondent. (Appeal No. 2.) — Order affirmed, without costs. No opinion. Blackmar, P. J., Mills, Rich, Putnam and Jaycox, JJ., concur.

MORRIS KRAVITZ and Others, Respondents, v. JOHN CONNORS, Appellant.— Prior to the commencement of this proceeding, the landlords gave the tenant notice that he could occupy the premises rent free during the month of February. After the proceeding was instituted defendant, without any demand from the landlords, paid fifty-five dollars rent for said month of February. The lease gave the landlords the option of giving the tenant the use of the premises for one month free, or the payment of fifty-five dollars. As the tenant has succeeded in paying this sum of money against the landlords' wishes, the landlords should credit the tenant with that amount upon the judgment for costs herein. The judgment for costs is accordingly reduced by crediting said sum of fifty-five dollars thereon. [See *post*, p. 842.] The order of the County Court of Kings county as thus modified is affirmed, without costs. Blackmar, P. J., Mills, Rich, Putnam and Jaycox, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MICHAEL BELLOW, Appellant.— Judgment of conviction by the County Court of Richmond county reversed, and new trial ordered, on the ground that the evidence was insufficient to warrant a conviction. (See *People v. Shanley*, 199 App. Div. 932.) Kelly, Jaycox and Manning, JJ., concur; Blackmar, P. J., and Rich, J., dissent and vote to affirm.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. OTTO HUTZEL, Appellant.— Judgment of conviction by the Court of Special Sessions affirmed. No opinion. Blackmar, P. J., Mills, Rich, Putnam and Jaycox, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. THOMAS L. OGDEN, Appellant, v. PATRICK ALOYSIUS McGOWAN, a Police Officer of the City of Poughkeepsie, Respondent.— Order affirmed. No opinion. Blackmar, P. J., Mills, Rich, Putnam and Jaycox, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANK M. WALSH, Respondent, v. ALBERT E. KLEINERT, as Superintendent of Buildings of the Borough of Brooklyn, Appellant.— Final order reversed, and petition of the relator dismissed, with costs, upon the ground, *first*, that the relator, before seeking a writ of mandamus, should have appealed to the board of appeals, in accordance with